### THE PEOPLE *v.* CHARON.

### APPEAL from the District Court of Aguadilla.

No. 10.—Decided November 3, 1904.

EVIDENCE—WITNESSES.—In this case a certificate of an army officer was presented to show that the defendant was a soldier and that he was not on leave at a specified time. *Held*, that it was not admissible in evidence for the reason that these facts should have been established by the testimony of said officer given as a witness upon the trial.

ID.—SEDUCTION—MEDICAL EXAMINATION OF INJURED FEMALE—DISCRETION OF

THE COURT.—In a prosecution for seduction, the injured female is not re-
quired to submit to a medical examination at the caprice of the defendant,
and the necessity for such examination is a matter residing within the discre-
tion of the trial court, whose action will not be revised in the absence of a
showing of an abuse of such discretion.

JUDGMENT—WHEN IT MUST BE RENDERED IN CASES OF FELONY.—In a prosecution
where the crime charged is a felony the court may pronounce judgment at any
time after the expiration of at least two days from the date of the rendition
of the verdict.

ID.—The circumstance that a court is guilty of a long delay in pronouncing sen-
tence in a prosecution for felony does not constitute a violation of section 309
of the Code of Criminal Procedure, which does not limit the time within which
the judgment must be pronounced, except in the manner specified in the
foregoing paragraph.

STATUTES—VARIANCE BETWEEN ENGLISH AND SPANISH TEXT.—In cases in which
differences occur between the English and Spanish text of a statute, the Eng-
lish copy, being that signed by the Governor, must be considered as the
original text, and the Spanish translation must conform to it.

The facts are stated in the opinion.

*Mr. Rossy, Fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the following opinion of
the court:

This defendant was convicted on the 27th of June, 1904,
in the District Court of Mayagüez, of the crime of seduction,
and was sentenced to a year in the penitentiary at hard labor,
and to the payment of the costs.

The case seems to have been transferred at once to the
District Court of Aguadilla, which was created by the law
going into effect on the 1st of July. On the 8th of July last
he perfected his appeal to this court. There is no bill of
exceptions presented in this court, nor was any appearance
made on behalf of the defendant by any attorney at the oral
argument. The People were represented by the *fiscal,* who
filed a brief setting forth all the points in the case.

During the trial, as appears from the record, there were
two exceptions taken by the accused. The first objection was
to the exclusion of a certificate from the evidence, which was
issued by Lieutenant M. K. Taulbee, stating that the accused,

being a soldier in the Porto Rican Regiment, had received no leave of absence since the 13th of February, 1902. This certificate was written on a typewriter and the figures 11 were erased and the figures 13 written in place thereof with a pen. Objection was made on this account, and because the certificate was not sworn to, and for the further reason that Lieutenant Taulbee was a resident of the Island and could have appeared in court as a witness had it been necessary. The district court for these reasons properly excluded the certificate from the evidence. The second objection was that the injured female declined to allow herself to be examined by a physician selected by the accused, to report upon the question of whether or not she was a virgin. This motion of the accused was overruled, because it was held to be immaterial whether she was a virgin or not.

Certainly if she was found to be a virgin the offense of seduction could scarcely be considered as having been made out, but there is a further and better reason for refusing the motion to have her examined by a physician selected by the accused. She had already been examined by a competent physician who made his report; and there is no law requiring a woman under such circumstances to submit herself to such examinations merely at the caprice or at the request of the accused. Certainly it must be held that the district court would have a reasonable discretion in the matter, and no abuse of the discretion having been shown its action would not be revised.

It is further objected by the appellant that judgment was not rendered within two days after the trial by the court, and thus that section 309 of the Code of Criminal Procedure had been violated. This section requires that the district court, after a verdict against the defendant, shall appoint a time for pronouncing the judgment "which in cases of felony must be *at least two days after the verdict*" if the court in-

tends to remain in session so long, but if not, then at as remote a time as can reasonably be allowed.

It will be seen by a careful reading of this section that the court is not limited as to the time within which the judgment must be pronounced, but that it is forbidden, except in certain cases, to pronounce judgment until two days after the verdict have expired.

The *error* into which both the counsel for the accused and the *fiscal* of this court have fallen in regard to the construction of article 309 of the Code of Criminal Procedure, perhaps arises from a mistranslation of that article from the English into Spanish. The English copy, being that signed by the Governor is, of course, the original text, and the Spanish translation must conform to it. The English copy reads as has been quoted above; but the Spanish reads as follows:

" * * * * que en casos de *felony* (delito muy grave), será á más tardar, dos días después del veredicto, si el Tribunal se propone continuar en sesión mientras tanto; pero si no fuese así entonces será en fecha tan distante como pueda razonablemente fijarse."

This, correctly rendered into English, would be as follows:

" * * * * which, in cases of felony (very grave crime) shall be *at latest*, two days after the verdict, if the court intends to remain in session so long, but if not, then at as remote a time as can reasonably be fixed."

This latter, as it will readily be seen, is exactly the contrary of what is meant in the original English text, hence the errors of counsel are excusable.

The verdict was rendered in the case on the 22d of April, and the court pronounced judgment on the 27th of June, more than two months thereafter, and in this action of the court section 309 was not violated and the defendant has no ground for complaint.

The delay in rendering this judgment is not accounted for, and it is deemed proper to say that, although the date to be

fixed for the pronouncing of the sentence and the rendition
of the judgment in criminal cases is left, within certain limits,
to the sound discretion of the trial court, yet this date ought
not to be deferred so long as in this case, without very urgent
reasons therefor. It would seem that any court, after the
trial and the verdict of a jury, in a criminal case, could ren-
der the judgment and sentence the prisoner in a week or ten
days thereafter; and unreasonable delays should not occur.

Taking into consideration all the incidents of the trial
and the objections made by the accused, nothing appears
which requires a reversal of the judgment, and the same
should be

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras,
and Wolf concurred.